STUART S. RILEY, as Administrator of the Estate of JOHN S. RILEY, Deceased, Respondent-Appellant, *v.* BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF MASSENA, NORFOLK, LOUISVILLE and BRASHER et al., Defendants; AGNES MCGINNIS et al., Appellants-Respondents.

Third Department, January 17, 1962.

*Kinkley & Burns* (*Luke A. Burns, Jr.,* of counsel), for Agnes McGinnis, appellant-respondent.

*John B. Leonard* and *John D. Van Kennen* for J. Albert Wright, appellant-respondent.

*Bernard Meyerson, Albert Jakobson* and *Benedict S. Rosenfeld* for respondent-appellant.

*Herron, Lawler & Fischer* for defendants.

HERLIHY, J. Defendants appeal, in an automobile negligence action, from a judgment in favor of the plaintiff.

The cause of action against the school district was dismissed at the close of all of the evidence and is not part of this appeal.

Decedent, the eight-year-old son of the plaintiff, was a student at the defendant school. On the day of the accident the defendant McGinnis, a schoolteacher, invited the decedent and other children to ride home in her automobile rather than wait for the school bus. When she reached a location on the road approximately opposite the decedent's home, she pulled her car off the paved portion of the road onto the shoulder and after the little boy alighted from the automobile, she undertook to direct him across the road in safety. According to her testimony, the decedent proceeded to the front of her automobile and waited until she gave a signal, which she stated was meant to warn him to stop but which, she also admitted, might have given the impression to the decedent that he was to proceed across the road. Upon such signal, the child entered upon the paved portion of the road where he was struck by the automobile of the defendant Wright and instantly killed.

Both defendants contend that they individually were not negligent and that the decedent was guilty of contributory negligence.

There is no evidence of contributory negligence on the part of the decedent in this record.

We find the defendant Wright was guilty of negligence. There was a dispute as to whether he blew his horn upon approaching the parked automobile although he contends he slowed the speed of his automobile because he saw people inside the car. The photographs in evidence showed an unobstructed view for some several hundred feet with the defendant's automobile progressing up a slight incline and the jury could have properly inferred there was the same opportunity for detecting a person outside as well as within the automobile. Testimony which the jury could properly consider in determining the rate of speed of the automobile was adduced as to the distance the automobile travelled after striking the boy and the distance the decedent's body was thrown through the air.

This being a death case, the plaintiff is not held to the same high degree of proof as in the case of an injured litigant.

(*Griffen* v. *Manice,* 166 N. Y. 188, 193–194; *Noseworthy* v. *City of New York,* 298 N. Y. 76, 78–79.)

We likewise find the defendant McGinnis guilty of negligence in the operation of her automobile. This teacher, apparently acting as a Good Samaritan, invited the children to ride in her privately owned automobile rather than to wait for a returning school bus. When she reached the vicinity of the child's home and the decedent alighted from the car, she undertook to direct him across the road and in so doing, she apparently confused the little boy so that he started to cross and into the path of danger and death. The affirmative act of waving her hand to direct the discharged passenger, under the circumstances, was negligence. There was evidence for the jury to determine that Miss McGinnis was at fault in the manner in which she operated and controlled her automobile.

The defendant McGinnis, further alleges that the court's refusal to charge, as requested, as to stopping on the shoulder of the road was error. That part of the charge, as contained in the brief and alleged to be erroneous, states: "Also, in the operation of her car, the defendant Agnes McGinnis, was permitted by law — and I believe the Sections are 58A and subsection 2 of the Vehicle and Traffic Law — to stop, she was permitted to stop or leave her car temporarily standing on the side of a highway only for the purpose of discharging passengers, such as the Riley boy, before proceeding further to take the other children to their homes."

It is apparent that there was some confusion between the court and the counsel as to this aspect of the charge but we perceive nothing prejudicial in the above-quoted part thereof. What the court stated was exactly what Miss McGinnis did and which the court said she had the right to do.

As to the other claims of error in the admission of certain testimony, we find no reversible error. The negligence of the defendant McGinnis acting in her individual capacity was clearly and unequivocally established.

The amount of the verdict was not excessive.

The judgments should be affirmed, with costs to the plaintiff-respondent.

BERGAN, P. J., GIBSON and TAYLOR, JJ., concur.

Judgments affirmed, with costs to the plaintiff-respondent.