■ WILLA ROBBINS et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. — Judgment, Supreme Court, New York County (Tyler, J., and jury), entered August 10, 1983 in favor of the plaintiffs in a personal injury action in the sum of $2,206,556.11, representing a determination of gross damages in the sum of 4 million dollars as reduced by a jury finding of 45% fault on the part of the plaintiff, reversed, on the law, without costs, and the case is remanded for a new trial.

On October 7, 1977 at about 6 o'clock in the morning, the plaintiff, Willa Robbins, a young woman then employed as an exercise girl at Belmont Racetrack, sustained very severe injuries, including loss of memory, when she was struck by a vehicle driven by a hit-and-run driver proceeding in an easterly direction on Hempstead Turnpike, near the dividing line between Queens County and Nassau County.

In this action to recover damages for personal injuries, the principal witness for the plaintiff was Wayne Hollingshead, then employed as a groom at Belmont Racetrack. Hollingshead testified in substance that he and the plaintiff were two of three passengers on a bus operated by New York City Transit Authority; that the bus, which proceeded in an easterly direction on Hempstead Turnpike, went past the designated bus stop on 225th Street and stopped right at the exit leading to the Cross-Island Parkway, directly across the street from the entrance to the track; that he and the plaintiff got off the bus, and that the

driver waved to them to proceed across Hempstead Turnpike in front of the bus in what, it is urged by plaintiff, appeared to be an assurance by the driver that it was safe to do so.

The jury returned a verdict in favor of the plaintiff in the sum of $2,206,556.11 representing a reduction of a finding of damages in the sum of 4 million dollars by the jury's further finding of fault on the part of the plaintiff to the extent of 45%.

Taken as a whole, the evidence introduced was legally sufficient to present an issue of liability for the jury's determination. However, the trial court erred in denying the application of the defendant to introduce into evidence a statement given by Hollingshead on the day of the accident to a Nassau County detective. Although the statement was written by the detective, it was signed by the witness, and accordingly should have been admitted into evidence in view of the several inconsistencies between the statement and the trial testimony of this central witness that were relevant to the jury's assessment of his credibility (see CPLR 4514). Whether or not the statement fully or accurately represented what the witness in fact said was, of course, an issue to be determined by the jury.

In light of the conclusion that the trial court's denial of defendant's application to introduce the statement in evidence was reversible error under all the circumstances, we deem it unnecessary to consider the defendant's claims of other errors by the trial court in evidentiary rulings and in the charge. Concur — Sandler, J. P., Silverman, Fein and Kassal, JJ.