■ ANN M. VALDEZ, an Infant, by Her Mother and Natural Guardian, CLAIRE VALDEZ, et al., Respondents, v JULIE N. BERNARD et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Morton, J.), entered July 2, 1985, as upon a jury verdict after a bifurcated trial on the issue of liability, found that it was 2% at fault in the happening of the accident.

Interlocutory judgment reversed, insofar as appealed from, on the law, without costs or disbursements, and complaint dismissed as against the defendant New York City Transit Authority.

Under certain circumstances, a driver of a motor vehicle may be liable to a pedestrian where that driver undertakes to direct a pedestrian safely across the road in front of his vehicle, and negligently carries out that duty *(see, Riley v Board of Educ.,* 15 AD2d 303; *Robbins v New York City Tr. Auth.,* 105 AD2d 616). However, on the present facts, the wave of hand by the appellant's bus driver was not the proximate cause of the accident. On cross-examination, the infant plaintiff stated that she interpreted the defendant bus driver's wave to mean only that the driver would not move the bus while she passed in front of it. Her testimony was as follows:

"Q Why did you look to the bus driver while you were standing on the double line?

"A I just looked at him.

"Q He was not in the direction—

"A To see if he was going to move the bus while I'm standing there so he would notice I'm standing there. The bus is kind of big.

"Q You looked back up at the bus driver to be reassur⸍ was not going to start the bus while you were star⸍ front of the bus; is that correct?

"A Yes."

Thus, there is no proof that the infant plaintiff took the bus driver's wave to mean that she could safely cross the adjacent lane of traffic.

Moreover, the infant plaintiff made an independent decision to cross the adjacent lane of traffic as evidenced by her testimony that she looked both ways and checked for traffic before proceeding to cross the road. Thus, she did not rely on the bus driver's wave. Accordingly, the essential element of proximate cause was not established. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.