■ ROBERT P. BARBER, Individually and as Administrator of the Estate of AIMEE J. BARBER, Deceased, et al., Respondents, v GERTRUDE MERCHANT et al., Respondents, and DAVID W. ARNOLD, Doing Business as BROOKVIEW DAIRY FARM, Appellant. (Action No. 1.) CLIFFORD MERCHANT, Individually and as Administrator of the Estate of TRISHA M. MERCHANT, Deceased, Respondent, v GEOFFREY L. MACDONALD et al., Respondents, and DAVID W. ARNOLD, Doing Business as BROOKVIEW DAIRY, Appellant. (Action No. 2.)—Weiss, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered April 15, 1991 in Rensselaer County, which denied defendant David W.

Arnold's motion for summary judgment dismissing the complaints and cross claims against him in action Nos. 1 and 2.

On June 30, 1988, defendant Gertrude Merchant was driving her Dodge automobile north on State Route 9 in the Town of Schodack, Rensselaer County, and came to a stop in the passing lane at the intersection of Maple Hill Road with her left directional signal engaged preparatory to making a left turn to proceed west on Maple Hill Road. At the same time, defendant Robert C. Schulerud was driving his Chevrolet pickup truck south in the right lane of Route 9 towing a self-unloading hay wagon. Schulerud was working as an employee of Brookview Dairy Farm, a proprietorship owned by defendant David W. Arnold. Arnold was a passenger in the truck. Schulerud brought his truck to a stop at the intersection of Maple Hill Road in preparation for a right turn to also proceed west on Maple Hill Road. Although the pick-up truck had the right-of-way, both Schulerud and Arnold made hand motions to Merchant to proceed with her turn and drive onto Maple Hill Road ahead of the truck. As Merchant was in the process of making her left turn a Chevrolet station wagon, operated by defendant Geoffrey L. MacDonald and owned by his employer, defendant Eden Park Management, Inc., traveling south in the passing lane of Route 9, collided with Merchant's car causing fatal injuries to two children, both infants, who were passengers in the rear seat.

The instant wrongful death actions were commenced on behalf of the infants' estates against Merchant, MacDonald, Schulerud and Eden Park in their capacities as the owners and operators of all three vehicles. Arnold was also sued both individually and as owner of Brookview Dairy Farm, on the basis of his hand signal to Merchant and his vicarious liability for the acts of his employee Schulerud. Supreme Court denied a motion by Arnold for summary judgment dismissing the complaints and the cross claims interposed against him by the other defendants in both actions, which were consolidated for trial. Arnold has appealed.

Arnold contends that Merchant's independent visual check of the traffic conditions after the hand signals had been given constituted a superseding cause which, as a matter of law, relieved him of liability for any negligence in giving the signals. He further argues that her intervening negligence precludes a finding that his negligence was the proximate cause of the accident. We disagree. To establish a prima facie case of negligence a "plaintiff must generally show that the defendant's negligence was a substantial cause of the events

which produced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, at 520; Restatement [Second] of Torts § 431). When an intervening act of a third party also contributes to a plaintiff's injuries, " 'liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence' " *(Boltax v Joy Day Camp,* 67 NY2d 617, 619, quoting *Derdiarian v Felix Contr. Corp., supra,* at 315). It thus becomes critical to determine, from the record before us, whether Merchant's acts were so extraordinary under the circumstances and not foreseeable in the normal course of events, or so independent or far removed from Arnold's conduct, as to intervene between his and Schulerud's actions and the injury as to become superseding acts which severed the chain of causation *(see, Roberts v Town of Colchester,* 139 AD2d 819, 821).

The issue distills to whether Merchant acted completely independently after the hand signals and gestures from the men in the pick-up truck and commenced her turn, or whether she relied upon their action without her own complete independent check of the oncoming traffic conditions. In her examination before trial, Merchant testified that she checked the traffic a second time after seeing the signal from the pick-up truck to proceed and that, although her view of Route 9 was unobstructed, she saw nothing approaching before starting to make her turn. She also testified, however, that she really did not know whether she could see that portion of the roadway directly behind the truck and the hay wagon. In her affidavit opposing Arnold's motion, Merchant stated that she relied upon the hand signals in believing that it was safe for her to turn. Finally, at the scene after the accident she claims to have asked Arnold and Schulerud, "Why did you tell me to go if you knew this was going to happen?"

Summary judgment is inappropriate where there is any doubt, or any significant doubt, whether a material triable issue of fact exists *(Phillips v Kantor & Co.,* 31 NY2d 307, 311). Inasmuch as the factual allegations of the party opposing summary judgment must be deemed true *(Bershaw v Altman,* 100 AD2d 642, 643), we affirm Supreme Court's finding that it cannot be said, as a matter of law, that the conduct of Arnold was not a proximate cause of the accident, nor can it be said that Merchant's check for oncoming traffic was a superseding act which severed the causal nexus between the negligence of

Arnold and the accident *(cf., Culkin v Parks & Recreation Dept. of City of Syracuse,* 168 AD2d 912, *lv denied* 77 NY2d 806).

Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with one bill of costs.