■ LEONARD D. SHAPIRO, Respondent, v NATALE MANGIO, Also Known as NATE MANGIO, et al., Respondents, and ARLENE ISSERLES, Appellant. [686 NYS2d 846] —In an action to recover damages for personal injuries, the defendant Arlene Isserles appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated March 25, 1998, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when his vehicle was struck by a vehicle driven by the defendant Natale Mangio, a/k/a Nate Mangio. The appellant sought summary judgment based on the contention that, even assuming that she made a hand signal to Mangio shortly before his vehicle struck the plaintiff's vehicle, the record establishes that Mangio did not pay any attention to her signal when he decided to drive forward into the path of the plaintiff's oncoming vehicle. At his deposition, however, Mangio, referring to the appellant's gesture, testified, "she motion[ed] [to] me that she was going to leave the intersection lane open * * * [and] that it was clear for me if I wanted to go through". While it is true that Mangio also testified that he checked the roadway conditions himself before proceeding into the path of the plaintiff's car, this testimony does not necessarily exclude the hypothesis that, in deciding to proceed, Mangio was also placing some degree of reliance on the hand signal he admittedly had seen (*see, Barber v Merchant,* 180 AD2d 984). Contrary to counsel's argument, the record contains no competent proof that Mangio completely ignored the signal, so as to warrant the conclusion that he placed no reliance on it at all.

The case of *Valdez v Bernard* (123 AD2d 351), relied upon by the appellant, is distinguishable. The *Valdez* case involved an appeal after a trial on the issue of liability, and the record contained an admission by the plaintiff that she had not relied on the hand signal given to her by the defendant's employee. Under these circumstances, the court held that the plaintiff had failed to meet her burden of proving causation. Here, in

the context of a motion for summary judgment, the burden on the issue of the lack of causation was on the appellant and, as noted above, the record contains no proof in admissible form to support the conclusion that Mangio did not rely at all on the appellant's signal so as to negate the element of causation. Thus, there is an issue of fact as to causation, and summary judgment was properly denied (*see, Stalikas v Ocampos,* 255 AD2d 938; *M&G Convoy v Clark Disposal Serv.,* 195 AD2d 871). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.