■ JENNIFER THRANE, Individually and as Parent and Guardian of THEODORE THRANE, JR., an Infant, Respondent, v LINDA HANEY et al., Defendants, and JOSEPH DEFELICE, Appellant. [695 NYS2d 628] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keniry, J.), entered June 9, 1998 in Saratoga County, which denied defendant Joseph DeFelice's motion for summary judgment dismissing the complaint against him.

In April 1993, Theodore Thrane, Jr., then six years old, was injured while attempting to cross a street in the City of Mechanicville, Saratoga County, at a point where there was no crosswalk. In his endeavor to cross the street, the child first passed in front of a van driven by defendant Joseph DeFelice (hereinafter defendant), which was one of several vehicles stopped in one lane of travel, and then he ran into the side of a vehicle driven by defendant Linda Haney, which was moving in the other lane of travel. Plaintiff commenced this action to recover damages for the injuries sustained by the child alleging, *inter alia*, that defendant was negligent in making hand motions which induced the child to cross the street when it was not safe to do so. Defendant moved for summary judgment dismissing the complaint against him, claiming that, as a matter of law, he was not at fault. Supreme Court denied the motion, resulting in this appeal by defendant.

It being inferable from the child's testimony that defendant voluntarily assumed the duty to direct the child, defendant may be held liable if he failed to exercise reasonable care and his conduct was a proximate cause of the child's injuries (*compare, Barber v Merchant*, 180 AD2d 984; *Riley v Board of Educ.*, 15 AD2d 303, *with Valdez v Bernard*, 123 AD2d 351; *see also, Cohen v Heritage Motor Tours*, 205 AD2d 105). The fact that defendant assertedly gestured or signaled to the child raises a question of fact regarding whether the care executed by defendant was indeed reasonable (*see, Robbins v New York City Tr. Auth.*, 105 AD2d 616; *Riley v Board of Educ., supra*, at 305).

Based upon the child's testimony that, after running in front of defendant's van, he stopped and looked both ways before continuing into the other lane of travel, defendant contends that he cannot be liable for the child's injuries because the child independently decided to continue and was not relying on defendant's gesture or signal when he was injured (*see, Valdez v Bernard, supra*). There is evidence in the record, however, that, because of defendant's conduct the child left the safety of the curb and ran in front of defendant's van where he was in a more vulnerable position than he would have been if defendant had not gestured or signaled. We cannot conclude that, as a matter of law, the child's check for traffic was a superceding act which severed the causal connection between defendant's actions and the child's injuries (*see, Barber v Merchant, supra*, at 986-987). As the record raises questions of fact on the issues of defendant's negligence and proximate cause (*see, Shapiro v Mangio*, 259 AD2d 692, 692-693), summary judgment was properly denied.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.