■ CHERYL GOLDING et al., Respondents, v JOHN A. FARMER, Appellant. [710 NYS2d 213] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Defendant was traveling northbound in the right lane of Transit Road in the Town of Lancaster, and Cheryl Golding (plaintiff) was traveling in the left lane, behind defendant's vehicle. Defendant stopped his vehicle to allow a driver to enter the roadway from a parking lot on the east side of Transit Road. That driver attempted to make a left turn to proceed southbound and struck plaintiff's vehicle. Although defendant met his initial burden of establishing his entitlement to judgment as a matter of law, plaintiffs raised an issue of fact whether defendant indicated to the driver who struck plaintiff's vehicle that it was safe to enter the roadway (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to defendant's contention, that driver's act of checking for oncoming traffic after defendant allegedly indicated that it was safe to enter the roadway was not "a superseding act which severed the causal nexus between the [alleged] negligence of [defendant] and the accident" (*Barber v Merchant*, 180 AD2d 984, 986-987). (Appeal from Order of Supreme Court, Erie County,

Mahoney, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.