MARK DOLCE, Appellant, v NICHOLAS CUCOLO et al., Defendants, and ELLEN C. SHERIDAN, Respondent. [966 NYS2d 581]—

McCarthy, J. Appeal from an order of the Supreme Court (Zwack, J.), entered February 27, 2012 in Ulster County, which, among other things, granted defendant Ellen C. Sheridan's motion for summary judgment dismissing the complaint and cross claims against her.

Plaintiff was driving his motorcycle southbound on Route 32 in the Village of New Paltz, Ulster County. Defendant Ellen C. Sheridan (hereinafter defendant) was ahead of plaintiff in the southbound lane but, despite having a green light and the right-of-way, defendant stopped before reaching the upcoming intersection and gestured to defendant Nicholas Cucolo, who was waiting in the northbound lane to make a left turn into a gas station parking lot just north of the intersection. As Cucolo turned left, he struck plaintiff, who had passed defendant on the right. Plaintiff commenced this negligence action against defendant, Cucolo and his father, who owned the vehicle that Cucolo was driving. Defendant moved for summary judgment dismissing the complaint and cross claims against her and plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendant's motion and denied plaintiff's cross motion. Plaintiff appeals, challenging only the dismissal of his complaint against defendant.

Defendant owed plaintiff a duty of reasonable care. Whether a duty is owed is a question of law to be decided by the court (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 288 [2001]; *Rossal-Daub v Walter*, 97 AD3d 1006, 1007 [2012]). Motorists generally owe a duty to other motorists and pedestrians to operate their vehicles with reasonable care, be aware of their surroundings and take ordinary care under the circumstances to avoid an accident (*see Ranaudo v Key*, 83 AD3d 1315, 1316 [2011]). When one driver chooses to gratuitously signal to another person, indicating that it is safe to proceed or that the signaling driver will yield the right-of-way, the signaling driver assumes a duty to do so reasonably under the circumstances; this duty is owed to pedestrians and other motorists and passengers as well as to the person who is being signaled (*see Ohlhausen v City of New York*, 73 AD3d 89, 92-93 [2010]; *see e.g. Golding v Farmer*, 273 AD2d 834, 834 [2000]; *Shapiro v Mangio*, 259 AD2d 692, 692-693 [1999]; *Barber v Merchant*, 180 AD2d 984, 986-987 [1992]; *see also Kievman v Philip*, 84 AD3d 1031, 1032-1033 [2011]).

It is undisputed that defendant, while on a roadway normally characterized by high traffic, had the right-of-way and was aware that vehicles were behind her, but stopped and gestured to Cucolo, causing him to make his intended left turn. Contrary to Supreme Court's holding, the interpretation of defendant's gesture and whether Cucolo relied on it are relevant to determining the issues of breach and proximate cause, not whether defendant owed plaintiff a duty of reasonable care (*see Ohlhausen v City of New York*, 73 AD3d at 93-94; *Shapiro v Mangio*, 259 AD2d at 692; *Barber v Merchant*, 180 AD2d at 986). Because defendant owed plaintiff a duty of care to operate her vehicle in a reasonable manner and signal other drivers consistent with that duty, Supreme Court erred in granting defendant summary judgment on the ground that she did not owe plaintiff a duty.

Defendant did not meet her burden of proving her entitlement to summary judgment because there are questions of fact concerning breach and proximate cause. Proximate cause is generally a factual issue to be resolved by a jury (*see Grant v Nembhard*, 94 AD3d 1397, 1398 [2012]; *Bailey v County of Tioga*, 77 AD3d 1251, 1253 [2010]). In cases where one driver gestures to another, proximate cause of the collision depends on whether the recipient of the gesture relied on it as an indication that the path was safe and clear (*see Ohlhausen v City of New York*, 73 AD3d at 95-96; *Shapiro v Mangio*, 259 AD2d at 692; *Barber v Merchant*, 180 AD2d at 986). Supreme Court acknowledged that the record contains a factual question as to whether there were two southbound driving lanes at, or just prior to, the location of the accident or whether plaintiff drove through parking spaces to pass defendant on the right. Defendant argues that, as a matter of law, Cucolo could not have relied on or interpreted her hand gesture as signifying that there was no oncoming traffic because Cucolo testified that "it [was a] one-lane road" where he turned and, because he did not think that there could be traffic in another lane, her gesture was not a proximate cause of the accident. This argument reads Cucolo's testimony too narrowly, rather than in the light most favorable to plaintiff. Cucolo's full answer to the question of whether there were two lanes where he turned was, "No, it's really—it's one-lane road that opens up, and it's just a turning lane, a straight lane and a right, although straight lane is also a right lane." That extremely confusing answer demonstrates that Cucolo was aware, at the very least, that very close to where he was turning the southbound lane opened up into two separate lanes of traffic. The parties disagree about exactly where the collision occurred, with plaintiff placing it closer to where two southbound

lanes are marked. Cucolo's testimony concerning his interpretation of defendant's wave could be read to infer that he relied upon that gesture to mean that it was safe for him to cross the southbound lane (or lanes) (*see Shapiro v Mangio*, 259 AD2d at 692).

Defendant also argues that plaintiff illegally passed her on the right in violation of Vehicle and Traffic Law § 1123, thereby breaking the causal link between her gesture and the accident. Resolution of this argument partly depends upon the resolution of the factual question regarding whether one or two lanes existed at the site of the accident. Thus, defendant failed to establish that there were no issues of fact regarding whether her gesture was a proximate cause of the accident (*see Kievman v Philip*, 84 AD3d at 1033; *Barber v Merchant*, 180 AD2d at 986-987) or that plaintiff's approach and passing of her vehicle was an unforeseeable and extraordinary superceding act (*see Thrane v Haney*, 264 AD2d 926, 927 [1999]; *Barber v Merchant*, 180 AD2d at 986). A question also exists as to whether defendant breached her duty of reasonable care by failing to see plaintiff sooner, considering defendant's testimony that she assumed a vehicle could not be to her right and did not see plaintiff until a second before the collision (*see Scribani v Buchannon*, 101 AD3d 1517, 1518 [2012]; *Thrane v Haney*, 264 AD2d at 926-927). Therefore, defendant was not entitled to summary judgment.

Lahtinen, J.P., Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant Ellen C. Sheridan's motion for summary judgment; motion denied; and, as so modified, affirmed.