■ MATTHEW R. NASADOSKI, Respondent, v TIMOTHY G. SHAUT et al., Appellants. [983 NYS2d 123]—

Garry, J. Appeal from an order of the Supreme Court (Catena, J.), entered November 27, 2012 in Montgomery County, which, among other things, granted plaintiff's motion for partial summary judgment on the issue of liability.

In September 2009, defendant Peter Slawienski was driving his pickup truck on Route 30 in the Town of Amsterdam, Montgomery County in a southbound lane close to the center line, with a second southbound lane on his right. Defendant Timothy G. Shaut (hereinafter Shaut) was driving north in a car owned by his daughter, defendant Shanon R. Shaut, seeking to turn across the two southbound lanes into a store driveway. When traffic in front of Slawienski stopped for a red light, he stopped his truck with room for Shaut to turn into the driveway and gestured to Shaut to do so. After Shaut began the turn, Slawienski checked his mirrors, saw plaintiff approaching on a motorcycle in the other southbound lane, and tried to signal Shaut to stop. However, Shaut continued the turn and crossed into plaintiff's lane, where the motorcycle struck Shaut's car.

Plaintiff commenced this negligence action seeking damages for his injuries against Slawienski and the Shauts, who answered and filed cross claims. Following discovery, plaintiff moved for partial summary judgment as to liability, and Slawienski cross-moved for summary judgment dismissing the complaint and cross claims against him. The Shauts opposed both motions. Supreme Court granted plaintiff's motion and

denied Slawienski's cross motion. Slawienski and the Shauts appeal.

Plaintiff supported his motion with evidence that he was driving at or below the speed limit of 40 miles per hour on a straight, unobstructed stretch of road, with his headlight on, when Shaut's vehicle suddenly turned into his path. Plaintiff testified that Shaut's vehicle was five feet away when he first saw it and that he had no time to brake or avoid the collision. Shaut pleaded guilty to a violation of Vehicle and Traffic Law § 1141— which, as pertinent here, requires a driver who intends to turn left to yield the right-of-way to any approaching vehicle close enough to constitute an immediate hazard—and he admitted at his deposition that he failed to yield the right-of-way to plaintiff. This evidence was sufficient to demonstrate plaintiff's prima facie entitlement to summary judgment as to liability against the Shauts, shifting the burden to them to establish the existence of triable issues of fact (*see Marmaduke v Spraker*, 34 AD3d 1007, 1008 [2006]; *Peschieri v Estate of Ballweber*, 285 AD2d 921, 922-923 [2001]).

The Shauts did not meet this burden. While they correctly argue that Shaut's guilty plea does not preclude the potential existence of factual issues as to plaintiff's comparative fault (*see Lopez-Viola v Duell*, 100 AD3d 1239, 1241-1242 [2012]), they did not show that any such issues exist. As the driver with the right-of-way, plaintiff was entitled to expect that Shaut would comply with his obligation to obey the traffic laws and would not suddenly turn into plaintiff's path (*see Fernet v Morvillo*, 30 AD3d 670, 672 [2006]; *Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 742 [2001]). The Shauts offered no evidence contradicting plaintiff's claims that he was not speeding or otherwise driving unreasonably and that he had no time to avoid the collision; their contention that he could have avoided the accident by keeping a more careful lookout is wholly speculative.[1] Accordingly, Supreme Court properly granted partial summary judgment to plaintiff as to the Shauts' liability (*see Peschieri v Estate of Ballweber*, 285 AD2d at 922-923; *Jones v Fraser*, 265 AD2d 773, 774 [1999]).

As to Slawienski, the duty of a driver to act reasonably in signaling to another driver that he or she will yield the right-of-way or that the other driver may safely proceed is owed not just

---

1. The Shauts' arguments on this point are based on cases involving the duties of drivers entering intersections and have limited relevance here (*see e.g. Boston v Dunham*, 274 AD2d 708, 709-710 [2000]). It is undisputed that Shaut was turning into a driveway and plaintiff was not entering an intersection when the accident occurred.

to the driver being signaled, but also to other motorists and passengers (*see Dolce v Cucolo*, 106 AD3d 1431, 1431 [2013]). Here, there is evidence that Slawienski acted unreasonably based upon his testimony that he failed to check for traffic in his rear or side view mirrors before signaling to Shaut.[2] However, a signaling driver is liable only when the gesture is a proximate cause of a subsequent collision—an inquiry that "depends on whether the recipient of the gesture relied on it as an indication that the path was safe and clear" (*id.* at 1432; *see Ohlhausen v City of New York*, 73 AD3d 89, 92-93 [2010]; *Shapiro v Mangio*, 259 AD2d 692, 692 [1999]; *Barber v Merchant*, 180 AD2d 984, 986 [1992]). Proximate cause is generally a factual issue for a jury to resolve (*see Grant v Nembhard*, 94 AD3d 1397, 1398 [2012]; *Bailey v County of Tioga*, 77 AD3d 1251, 1253 [2010]). Here, Shaut testified that he relied on Slawienski's signal in deciding to make the turn and would not have done so if not for the gesture; further, Slawienski testified that Shaut did not stop as he crossed into plaintiff's lane, suggesting that Shaut relied on the gesture to indicate that the lane was clear. However, Shaut testified that he knew that he was separately obliged to check the safety of plaintiff's lane; he stated that he slowed or stopped his vehicle before entering plaintiff's lane to look for oncoming traffic, but did not see the motorcycle until after the collision. This evidence neither establishes as a matter of law that Shaut fully relied upon Slawienski's gesture nor that his decision to proceed into plaintiff's lane was entirely independent (*compare Ohlhausen v City of New York*, 73 AD3d at 93-96; *see Valdez v Bernard*, 123 AD2d 351, 351-352 [1986]). Thus, there are factual issues for the jury regarding the degree of Shaut's reliance on Slawienski's gesture, whether Shaut independently checked the safety of plaintiff's lane, and if he did, whether the check was a superseding act severing the causal link between the gesture and the collision (*see Dolce v Cucolo*, 106 AD3d at 1432-1433; *Barber v Merchant*, 180 AD2d at 986-987). Plaintiff's motion for partial summary judgment as to Slawienski's liability should not have been granted.[3]

Lahtinen, J.P., McCarthy and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary

---

**2.** An eyewitness whose car was behind Slawienski averred that she saw him look in his rear view mirror before waving to Shaut, but that he did not turn his head to check the other lane.

**3.** Slawienski raised no challenge on appeal to Supreme Court's denial of his cross motion, thus abandoning that issue (*see Mills v Chauvin*, 103 AD3d 1041, 1044 n 2 [2013]).

judgment as to the liability of defendant Peter Slawienski; motion denied to that extent; and, as so modified, affirmed.