*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    519831
_____

MICHAEL B. McFERRAN,
                    Appellant,

        v                                      MEMORANDUM AND ORDER

BONNIE L. BARBA,
                    Respondent.
_____

Calendar Date:  May 26, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

_____

        Conway & Kirby, PLLC, Latham (Andrew W. Kirby of counsel),
for appellant.

        Carter, Conboy, Case, Blackmore, Maloney & Laird, PC,
Albany (Stanley J. Tartaglia Jr. of counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the Supreme Court (O'Connor, J.),
entered July 31, 2014 in Albany County, which granted defendant's
motion for summary judgment dismissing the complaint.

        Plaintiff commenced this action to recover for injuries
sustained when his motorcycle collided with defendant's vehicle
at a roadway intersection.  Defendant was stopped in a center
turning lane in order to make a left turn when plaintiff
approached the intersection from the opposite direction in his
left lane and stopped, although there were no traffic control
devices governing his direction of travel.  There is no dispute
that plaintiff gestured to defendant, signaling that he would
yield the right-of-way and allow her to turn in front of him.
After seeing plaintiff's signal, defendant hesitated while she

checked the crosswalks and the other traffic in the area of the intersection to ensure that it was safe to proceed before she began her turn.  Plaintiff testified that when defendant hesitated, he decided that she was not going to accept his offer to yield.  He then revved his engine and proceeded, driving into the passenger side of defendant's vehicle while it was turning.  After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint.  Supreme Court granted the motion and plaintiff appeals.

Plaintiff argues that defendant did not sustain her burden on the motion for summary judgment because her independent assessment of the traffic raised the issue of whether she had relied on his hand gesture in proceeding to turn.  Even when the evidence is viewed in the light most favorable to plaintiff, we cannot agree.  A driver who "chooses to gratuitously signal to another person, indicating that it is safe to proceed or that the signaling driver will yield the right-of-way, . . . assumes a duty to do so reasonably under the circumstances" (Dolce v Cucolo, 106 AD3d 1431, 1431 [2013]; see Nasadoski v Shaut, 115 AD3d 1026, 1027-1028 [2014]).  The fact that defendant made an independent check of other traffic at the intersection does not negate her right to rely on plaintiff's signal representing that he would allow her to turn before he proceeded (see Thrane v Haney, 264 AD2d 926, 927 [1999]; Shapiro v Mangio, 259 AD2d 692, 692 [1999]; Barber v Merchant, 180 AD2d 984, 986 [1992]).  Plaintiff's claim that defendant should have been aware that he was not going to abide by his signal when he revved his engine and proceeded is unavailing, as he did not ensure that she understood that he was no longer willing to yield the right-of-way.

Finally, although the police accident report submitted by plaintiff concludes that defendant failed to yield the right-of-way, no ticket was issued and, more importantly, the report does not raise a triable issue of fact.  The description of the accident in the report mirrors the parties' description during their testimony and adds nothing to support the conclusion that defendant's negligence caused the accident (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392, 396-397 [2003], lv denied, lv dismissed 100 NY2d 636 [2003]; Dennis v Capital Dist.

-3-                                       519831

Transp. Auth., 274 AD2d 802, 803 [2000]).

Lahtinen, J.P., McCarthy and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court