Pittman v Ball (2020 NY Slip Op 01944)





Pittman v Ball


2020 NY Slip Op 01944


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-01702
 (Index No. 600529/17)

[*1]Christopher Pittman, plaintiff-respondent,
v
Ashley Ball, et al., defendants-respondents, Plainedge Union Free School District, appellant, et al., defendant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Julie T. Mark, and Amit Sondhi of counsel), for plaintiff-respondent.
Richard T. Lau, Jericho, NY (Nancy S. Goodman of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Plainedge Union Free School District appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered January 4, 2019. The order denied the motion of the defendant Plainedge Union Free School District for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he alleges he sustained when the vehicle he was driving was hit by another vehicle at or near the intersection of Stewart Avenue and Balfour Drive in Nassau County. The other vehicle was operated by the defendant Ashley Ball (hereinafter the defendant driver) and owned by the defendant Shaun Mallon. The defendant Plainedge Union Free School District (hereinafter the School District) employed a school bus driver who was operating a school bus owned by the School District that was stopped at or near the intersection at the time of the collision. According to the plaintiff, the bus driver was a proximate cause of the collision.
The School District moved for summary judgment dismissing the complaint insofar as asserted against it, submitting in support, inter alia, the deposition testimony of the plaintiff. At his deposition, the plaintiff testified that on May 17, 2016, between 2:30 and 3:00 p.m., he was operating his employer's vehicle when it was struck by the vehicle operated by the defendant driver. The plaintiff testified that immediately before the accident, his vehicle, which was traveling north on Stewart Avenue, was stopped at the intersection of Stewart Avenue and Balfour Drive, waiting to make a left turn onto Balfour Drive. At that intersection, Stewart Avenue is a four-lane [*2]thoroughfare with two northbound lanes and two southbound lanes separated by a double-yellow line. According to the plaintiff, the School District's school bus was traveling south on Stewart Avenue, but had stopped opposite from his vehicle at or near the intersection and was waiting to cross the northbound lanes to turn left into a middle school parking lot.
The plaintiff testified that the school bus, which was facing his vehicle, was in the southbound lane closest to his vehicle, and that the bus driver gestured to the plaintiff to make his turn. The plaintiff further testified that he could not see past the school bus to determine if the other southbound lane was clear of traffic and that since he observed the bus driver look in his left rearview mirror before gesturing to the plaintiff to proceed, the plaintiff believed that it was safe for him to make his turn and then did so. According to the plaintiff, he had just begun to make his turn, traveling less than five miles per hour, when his vehicle was struck by the vehicle driven by the defendant driver. The plaintiff testified that the speed of that vehicle, which had been traveling straight in the other southbound lane of Stewart Avenue past the school bus, was approximately 55 miles per hour. The School District also submitted the deposition testimony of the defendant driver, who testified, inter alia, that she was operating Mallon's vehicle at approximately 25 miles per hour at the time of the collision.
We agree with the Supreme Court's determination denying the School District's motion for summary judgment dismissing the complaint insofar as asserted against it. "When one driver chooses to gratuitously signal to another person, indicating that it is safe to proceed or that the signaling driver will yield the right-of-way, the signaling driver assumes a duty to do so reasonably under the circumstances" (Dolce v Cucolo, 106 AD3d 1431, 1431; see Kievman v Philip, 84 AD3d 1031, 1031). Here, the School District failed to establish, prima facie, that the plaintiff did not rely on the bus driver's gesture that it was safe for the plaintiff to make his left turn (see Shapiro v Mangio, 259 AD2d 692, 692-693; see also Kievman v Philip, 84 AD3d at 1033). The School District also failed to establish, prima facie, that the defendant driver's alleged negligent conduct in operating Mallon's vehicle constituted an intervening and superseding act which broke the causal nexus between the bus driver's alleged negligence and the plaintiff's injuries (see Searless v Karczewski, 153 AD3d 957, 958; see also Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315).
Since the School District failed to establish, prima facie, its entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying its motion for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court