Nationwide Mut. Fire Ins. Co. v Oster (2021 NY Slip Op 02400)





Nationwide Mut. Fire Ins. Co. v Oster


2021 NY Slip Op 02400


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-10832
 (Index No. 304/16)

[*1]Nationwide Mutual Fire Insurance Company, appellant-respondent, 
v
Lisette M. Oster, et al., respondents, Carol Daniele, etc., respondent-appellant, et al., defendants.


Robert L. Hartford and Seiger Gfeller Laurie LLP (Milber Makris Plousadis & Seiden, LLP, Woodbury, NY [Sarah M. Ziolkowski], of counsel), for appellant-respondent.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY (Denise M. Cossu of counsel), for respondent-appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for respondent State Farm Mutual Insurance Company.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Lisette M. Oster in an underlying action entitled Daniele v Oster, commenced in the Supreme Court, Putnam County, under Index No. 3481/11, and that the defendant State Farm Mutual Insurance Company is so obligated, the plaintiff appeals, and the defendant Carol Daniele cross-appeals, from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated June 28, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment, in effect, declaring that it is not obligated to defend or indemnify the defendant Lisette M. Oster in the underlying action and that the defendant State Farm Mutual Insurance Company is so obligated and dismissing the counterclaims asserted against it, and granted those branches of the motion of the defendant State Farm Mutual Insurance Company, and the separate cross motions of the defendants Lisette M. Oster and Carol Daniele, which were for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant Lisette M. Oster in the underlying action, and that branch of the motion of the defendant State Farm Mutual Insurance Company which was for summary judgment declaring that it is not so obligated. The order, insofar as cross-appealed from, granted those branches of the motion of the defendant State Farm Mutual Insurance Company which were for summary judgment declaring that it is not obligated to defend or indemnify the defendant Lisette M. Oster in the underlying action and dismissing the cross claim asserted against it by the defendant Carol Daniele, and denied that branch of the cross motion of the defendant Carol Daniele which was for summary judgment declaring that the defendant State Farm Mutual Insurance Company is so obligated.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment, in effect, declaring that it is not obligated to defend or indemnify the defendant Lisette M. Oster in the [*2]underlying action and that the defendant State Farm Mutual Insurance Company is so obligated and dismissing the counterclaims asserted against it, and substituting therefor a provision granting those branches of the plaintiff's motion, (2) by deleting the provisions thereof granting those branches of the motion of the defendant State Farm Mutual Insurance Company, and the separate cross motions of the defendants Lisette M. Oster and Carol Daniele, which were for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant Lisette M. Oster in the underlying action, and substituting therefor provisions denying those branches of the motion and the cross motions, (3) by deleting the provision thereof granting that branch of the motion of the defendant State Farm Mutual Insurance Company which was for summary judgment declaring that it is not obligated to defend or indemnify the defendant Lisette M. Oster in the underlying action, and substituting therefor a provision denying that branch of the motion, and (4) by deleting the provision thereof denying that branch of the cross motion of the defendant Carol Daniele which was for summary judgment declaring that the defendant State Farm Mutual Insurance Company is obligated to defend and indemnify the defendant Lisette M. Oster in the underlying action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff and the defendant Carol Daniele by the defendants Lisette M. Oster and State Farm Mutual Insurance Company, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to defend or indemnify the defendant Lisette M. Oster in the underlying action and that the defendant State Farm Mutual Insurance Company is so obligated.
On August 31, 2011, the defendant Lisette M. Oster (hereinafter Lisette) was driving north on Route 17 in a vehicle owned by the defendant Andrew J. Abbene, who had an automobile insurance policy issued by the defendant State Farm Mutual Insurance Company (hereinafter State Farm). Lisette had picked up Abbene's vehicle to bring it to Abbene's home for him. Lisette's daughter, the defendant Gabrielle M. Oster (hereinafter Gabrielle), followed in a vehicle owned by Lisette. Intending to proceed in the opposite direction, Lisette turned left onto a side street, turned around in a driveway, and pulled back to the intersection. Lisette stopped the vehicle at the corner, at an angle toward the southbound lane of Route 17, to wait for her daughter. She had her foot on the brake, but did not remember whether or not she put the car in park. When Lisette saw Gabrielle approaching the intersection, she waved to Gabrielle out the window to signal her to turn. Gabrielle started to turn left and collided with a motorcycle operated by Douglas P. Daniele, who died from his injuries.
The defendant Carol Daniele (hereinafter Daniele), as executrix of Douglas P. Daniele's estate and individually, commenced an action, inter alia, to recover damages for wrongful death entitled Daniele v Oster, in the Supreme Court, Putnam County, under Index No. 3481/11 (hereinafter the underlying action), against Gabrielle, Lisette, and Abbene, alleging, among other things, that Lisette negligently signaled to Gabrielle that it was safe to turn, which act was a proximate cause of the accident. Lisette sought defense and indemnification from State Farm and also under a homeowner's insurance policy issued to her by the plaintiff, Nationwide Mutual Fire Insurance Company (hereinafter Nationwide). State Farm disclaimed coverage on the ground that the accident was not the result of the ownership, maintenance, or use of the Abbene vehicle. Nationwide disclaimed coverage based on a motor vehicle exclusion. Following trial, the jury determined that Lisette was liable for negligently signaling to Gabrielle that it was safe to turn, and that she bore 20% of the fault in the happening of the accident.
Nationwide commenced the instant action for a judgment declaring that it is not obligated to defend or indemnify Lisette in the underlying action, and that State Farm is so obligated. Lisette and Daniele asserted counterclaims against Nationwide, and cross claims against State Farm, for a judgment declaring that each insurer is obligated to provide coverage. Daniele additionally asserted a counterclaim and a cross claim alleging bad faith against the insurers. Upon motions and cross motions for summary judgment, in an order dated June 28, 2018, the Supreme Court determined that Lisette's wave to Gabrielle did not constitute "use or operation" of the Abbene vehicle. Thus, the court determined that Nationwide is obligated to defend and indemnify Lisette in the underlying action and State Farm is not so obligated. Nationwide appeals, and Daniele cross-[*3]appeals, from stated portions of the order.
"'The four corners of an insurance agreement govern who is covered and the extent of coverage'" (Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d 856, 857, quoting Sixty Sutton Corp. v Illinois Union Ins. Co., 34 AD3d 386, 388). "Courts must examine the language of the policy and 'construe [it] in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect'" (Hansard v Federal Ins. Co., 147 AD3d 734, 736, quoting Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221-222 [internal quotation marks omitted]). "Where there is ambiguity as to the existence of coverage, doubt is to be resolved in favor of the insured and against the insurer" (Handelsman v Sea Ins. Co., 85 NY2d 96, 101; see Hansard v Federal Ins. Co., 147 AD3d at 737).
Here, the State Farm policy issued to Abbene defines an "Insured" as including "any other person for his or her use of . . . your car." State Farm disclaimed coverage to Lisette and Abbene on the ground that the accident "was not the result of the ownership, maintenance or use of your insured car." The Nationwide policy provides coverage to Lisette for claims "due to an occurrence resulting from negligent personal acts." A motor vehicle exclusion excludes coverage for damages "arising out of the ownership, maintenance or use of . . . a motor vehicle . . . owned by or operated by, or . . . loaned to an insured." Nationwide disclaimed coverage to Lisette based on the motor vehicle exclusion, on the ground that "the accident arose while you were using and occupying your motor vehicle." Accordingly, the determinative coverage issue is whether or not Lisette's signal to Gabrielle constituted her "use" of the Abbene vehicle. We agree with Nationwide that Lisette's signal did constitute her "use" of the Abbene vehicle, such that the Supreme Court should have determined that State Farm is obligated to defend and indemnify Lisette in the underlying action and Nationwide is not so obligated.
A driver who signals to another that it is safe to proceed may be held liable if the driver failed to exercise reasonable care and his or her conduct was a proximate cause of the plaintiff's injuries (see Williams v Weatherstone, 23 NY3d 384, 401-402). This may occur where the driver signals a pedestrian to cross a street and the pedestrian is hit by another vehicle (see id. at 401-402; Yau v New York City Tr. Auth., 10 AD3d 654, 655; Thrane v Haney, 264 AD2d 926, 927; Valdez v Bernard, 123 AD2d 351, 351; Riley v Board of Educ. of Cent. School Dist. No. 1, 15 AD2d 303, 305). It may also occur where, as here, the driver gestures to another driver that it is safe to turn, and the plaintiff is injured in a resulting collision (see Dolce v Cucolo, 106 AD3d 1431, 1431-1432; Ohlhausen v City of New York, 73 AD3d 89, 93-94; Barber v Merchant, 180 AD2d 984, 986).
The "use" of a vehicle encompasses more than just driving it (see Hertz Corp. v Government Empls. Ins. Co., 250 AD2d 181, 187; Gering v Merchants Mut. Ins. Co., 75 AD2d 321, 323). "Factors to be considered in determining whether an accident arose out of the use of a motor vehicle include whether the accident arose out of the inherent nature of the vehicle and whether the vehicle itself produces the injury rather than merely contributes to cause the condition which produces the injury" (Matter of Encompass Indem. Co. v Rich, 131 AD3d 476, 477; see Matter of Allstate Ins. Co. v Reyes, 109 AD3d 468, 469). "[T]he [vehicle] itself need not be the proximate cause of the injury, but negligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury" (Matter of Encompass Indem. Co. v Rich, 131 AD3d at 477 [internal quotation marks omitted]).
Here, the Abbene vehicle was not merely the location of Lisette's negligent act, unrelated to her use of the vehicle (cf. Allstate Ins. Co. v Staib, 118 AD3d 625, 626; Matter of Allstate Ins. Co. v Reyes, 109 AD3d at 469). Rather, Lisette's signal to Gabrielle was a part of, and done to facilitate, her ongoing trip with Gabrielle. Lisette momentarily paused the vehicle near driving lanes, imminently intending to resume motion as soon as Gabrielle saw and reacted to her signal to turn. Under these circumstances, we conclude that Lisette's signal to Gabrielle constituted her "use" of the Abbene vehicle (see Trentini v Metropolitan Prop. & Cas. Ins. Co., 2 AD3d 957, 958; Gering v Merchants Mut. Ins. Co., 75 AD2d at 323).
Accordingly, the Supreme Court should have granted those branches of Nationwide's motion which were for summary judgment, in effect, declaring that it is not obligated to defend or indemnify Lisette in the underlying action and that State Farm is so obligated and dismissing the counterclaims asserted against it, and denied those branches of State Farm's motion, and the separate cross motions of Lisette and Daniele, which were for summary judgment declaring that Nationwide is obligated to defend and indemnify Lisette in the underlying action. Additionally, the court should have denied that branch of State Farm's motion which was for summary judgment declaring that it is not obligated to defend or indemnify Lisette in the underlying action and granted that branch of Daniele's cross motion which was for summary judgment declaring that State Farm is so obligated.
However, the Supreme Court properly granted that branch of State Farm's motion which was for summary judgment dismissing the cross claim alleging bad faith asserted against it by Daniele. Insurance Law § 3420(b) provides that, "[s]ubject to the limitations and conditions of paragraph two of subsection (a) of this section," an injured party may maintain an action against the insurer "to recover the amount of a judgment against the insured." Such an action may be "maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract" (Insurance Law § 3420[a][2]). In light of the unambiguous language of the statute, we agree with the Appellate Division, Fourth Department, that, absent an assignment from the insured, "an injured party's standing to bring an action against an insurer is limited to recovering only the policy limits of the insured's insurance policy" (Corle v Allstate Ins. Co., 162 AD3d 1489, 1491; but see Cirone v Tower Ins. Co. of N.Y., 76 AD3d 883, 884). Accordingly, Daniele lacks standing to assert a cross claim alleging bad faith against State Farm to recover consequential damages above the limits of the policy (see generally Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 195).
In light of this determination, we need not address Nationwide's remaining contentions.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to defend or indemnify Lisette in the underlying action and that State Farm is so obligated (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court