Dyakiw v Salian (2023 NY Slip Op 02298)

Dyakiw v Salian

2023 NY Slip Op 02298

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-06210
 (Index No. 70934/18)

[*1]Nataliya Dyakiw, plaintiff-respondent,
v
Priya K. Salian, defendant-respondent, Noah Mrnacaj, et al., appellants.

Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Tarrytown, NY (Lynn Abelson Liebman of counsel), for appellants.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Gil Zohar of counsel), for plaintiff-respondent.
Bryan M. Kulak, Middletown, NY (Kate L. Dorney of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Noah Mrnacaj and En-Tech Corp. appeal from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated August 12, 2021. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendants Noah Mrnacaj and En-Tech Corp. for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
A vehicle operated by the defendant Noah Mrnacaj and owned by his employer, the defendant En-Tech Corp. (hereinafter together the moving defendants), allegedly came to a stop while traveling eastbound on a street as a vehicle driven by the defendant Priya K. Salian was proceeding out of a driveway and onto that street. According to Mrnacaj, he waved on the Salian vehicle. Salian did not recall being waved on by Mrnacaj. The Salian vehicle turned left out of the driveway and came into contact with the plaintiff's vehicle in the westbound lane of travel. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained due to the collision. The moving defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order dated August 12, 2021, the Supreme Court, inter alia, denied the motion. The moving defendants appeal from so much of the order as denied their motion.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Kirby v Lett, 208 AD3d 1174, 1175). "When one driver chooses to gratuitously signal to another person, indicating that it is safe to proceed or that [*2]the signaling driver will yield the right-of-way, the signaling driver assumes a duty to do so reasonably under the circumstances" (Dolce v Cucolo, 106 AD3d 1431, 1431; see Pittman v Ball, 181 AD3d 842, 843-844). However, even where a party relies on a driver's gesture, a superseding, intervening act may break the causal connection (see Levi v Nardone, 178 AD3d 692, 693-694). "Whether an intervening act is a superseding cause is generally a question of fact, but there are circumstances where it may be determined as a matter of law" (Esen v Narian, 155 AD3d 612, 613-614; see Levi v Nardone, 178 AD3d at 694).
In this particular case, assuming without deciding that Mrnacaj negligently motioned to Salian before she proceeded from the driveway and attempted to turn left, Salian's unforeseeable failure to see what was there to be seen and yield the right of way to the plaintiff constituted an intervening and superseding cause that established the moving defendants' prima facie entitlement to judgment as a matter of law (see Levi v Nardone, 178 AD3d at 694). Under the circumstances of this case, Salian not only pulled her vehicle out of the driveway into the lane occupied by Mrnacaj, but also crossed that lane into a farther lane intended for vehicles traveling in the opposite direction of Mrnacaj, which included the plaintiff's oncoming vehicle that should have been seen (see id.). No triable issue of fact was raised in opposition.
Accordingly, we reverse the order insofar as appealed from and grant the moving defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court