■ PEDRO RODRIGUEZ, Appellant, v CITY OF NEW YORK et al., Defendants, and IDA COLESANTI, Respondent. PEDRO RODRIGUEZ, Appellant, v CITY OF NEW YORK et al., Defendants, and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent. [686 NYS2d 394] —Orders, Supreme Court, New York County (Robert Lippmann, J.), entered November 13, 1997 and on or about April 2, 1998, which granted the respective motions of defendants Triborough Bridge and Tunnel Authority and Ida Colesanti for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this case involving a rear-end collision, it is clear, as a matter of law, that the proximate cause of the accident was plaintiff's failure to maintain a safe driving speed and distance (see, Vehicle and Traffic Law § 1129 [a]; Warren v Donovan, 254 AD2d 201; Galante v BMW Fin. Servs. N. Am., 223 AD2d 421). We do not find any evidence of negligence by defendant Colesanti in her restarting of her disabled vehicle or her failure to take precautionary steps while she was alone in the disabled car in the middle lane of the Triborough Bridge on a wet, foggy night.

Even if, as plaintiff contends, defendant Authority had a duty to remove the disabled car from the bridge, we nonetheless fail to perceive any basis upon which to conclude that its failure to remove the car was a proximate cause of the accident. It is clear that plaintiff would have had time to avoid the stalled vehicle, if he had been driving at a safe speed and at a safe distance from the vehicles ahead of him. Concur— Rosenberger, J. P., Williams, Mazzarelli and Saxe, JJ.