■ WILLIAM JACKSON, Respondent, v MATHURA NOEL et al., Defendants, GAIL HARRINGTON, Respondent, and HOANG LE, Appellant. [750 NYS2d 106] —In an action to recover damages for personal injuries, the defendant Hoang Le appeals from an order of the Supreme Court, Queens County (Posner, J.), dated October 5, 2001, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims insofar as asserted against the defendant Hoang Le are dismissed, and the action against the remaining defendants is severed.

A tire on the plaintiff's vehicle blew out while the plaintiff was driving on the Belt Parkway in Queens. The blowout caused the plaintiff's vehicle to swerve from lane to lane, collide with the defendant Hoang Le's vehicle, and ultimately come to rest against the median wall. Hoang Le stopped his vehicle in its lane. The plaintiff left his vehicle and stood on a sloping grassy shoulder area of the highway. Several minutes later, the defendant Jerome Peters, driving a vehicle owned by the defendant Mathura Noel, in an apparent attempt to avoid delay caused by the accident, drove his vehicle off the roadway and onto the grassy shoulder area, where he struck the plaintiff and at least one other person. All of the plaintiff's injuries resulted from being struck by the Peters vehicle.

The plaintiff alleges, inter alia, that Hoang Le was negligent in not being more observant of the traffic conditions at the time of the initial collision and that this negligence was a foreseeable cause of the plaintiff's injuries. Assuming that Hoang Le was negligent, it cannot reasonably be inferred that his conduct was the proximate cause of the collision between Peters' vehicle and the plaintiff (*see Boltax v Joy Day Camp,* 67 NY2d 617; *Sheehan v City of New York,* 40 NY2d 496). Rather, Peters' conduct in leaving the roadway and driving his vehicle onto the grassy shoulder of the road in an apparent effort to avoid delay, was a superseding event which severed whatever causal connection there might have been between the incident be-

tween Hoang Le and the plaintiff, and Hoang Le's alleged negligence (*see Brocato v Grippe,* 269 AD2d 414, 415; *Wright v New York Tr. Auth.,* 221 AD2d 431, 432; *see also Dormena v Wallace,* 282 AD2d 425; *Shatz v Kutshers Country Club,* 247 AD2d 375). Accordingly, Hoang Le was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.