■ MASOOD MAHMOOD, Respondent, v LOUIS PINTO et al., Appellants, et al., Defendants. [794 NYS2d 102]—

In an action, inter alia, to recover damages for wrongful death, the defendants Kevin P. Tierney and Christopher B. Tierney appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated December 9, 2003, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants Louis Pinto and Diane R. Pinto, and the defendants Coca-Cola Bottling Company of New York and Robert Service, Jr., separately appeal, as limited by their respective briefs, from so much of the same order as denied their respective motions for the same relief.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On the morning of May 8, 1999, a motor vehicle owned by the defendant Christopher B. Tierney and operated by the defendant Kevin P. Tierney was traveling eastbound in Queens on the Long Island Expressway (hereinafter the expressway), which was wet with rain. The Tierney car, which was traveling in the right lane, skidded across the center and left lanes and finally struck the center divider on the expressway. As a result of the movements of the Tierney vehicle, the defendant Louis Pinto,

who was driving his motor vehicle a distance behind the Tierney vehicle, applied his brakes. The defendant Robert Service, Jr., who was driving a van owned by the defendant Coca-Cola Bottling Company of New York, attempted to avoid hitting the Pinto vehicle by moving to the right. Notwithstanding those efforts, Service's vehicle struck the Pinto vehicle and a vehicle operated by Adeeba Mahmood, the plaintiff's decedent. Mahmood pulled her car over to the raised shoulder of the expressway, exited the vehicle, and apparently was walking on the shoulder of the roadway toward the front of her vehicle when she was struck and killed by a motor vehicle operated by the defendant Sun Hui Monroe.

Assuming that Kevin P. Tierney, Louis Pinto, and Robert Service, Jr., were negligent in either causing the accidents involving their respective motor vehicles or in leaving their vehicles on the roadway or shoulder, it cannot be reasonably inferred that such conduct was the proximate cause of the collision between Monroe's vehicle and the decedent (*see Jackson v Noel*, 299 AD2d 456 [2002]). Rather, Monroe's apparent loss of control of the car which she was operating was a superseding event which severed whatever causal connection there might have been between the earlier incidents and the alleged negligence of the moving defendants (*see Jackson v Noel, supra*). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.