■ ALEJANDRO AGURTO, SR., et al., Respondents, v NESTOR S. DELA et al., Appellants, and SANTOS LOPEZ et al., Respondents, et al., Defendant. [843 NYS2d 31]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered September 21, 2006, which, to the extent appealed from as limited by the briefs, denied the motion by defendants-appellants Dela and Quiroa for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against these defendants. The Clerk is directed to enter judgment accordingly.

---

Under the circumstances of this case, including the lapse of time, we find, as a matter of law, that, even assuming without deciding that Dela was negligent in the operation of the vehicle owned by Quiroa and that Dela's negligence was a proximate cause of the first accident, it cannot reasonably be inferred that such negligence was a proximate cause of the second accident (*see Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950 [1978]). At most, that negligence merely furnished a condition or occasion for the occurrence of the accident (*see Sheehan v City of New York*, 40 NY2d 496, 503 [1976]). The second accident occurred approximately 10 minutes later when defendant Lopez, the operator of a fourth vehicle, entered the expressway's right shoulder to avoid a slowing 18-wheel tractor-trailer, striking and killing one of the plaintiffs and injuring another, both of whom were standing on the shoulder. This second accident was a superseding or intervening event severing whatever causal connection there might have been between any negligence of Dela and plaintiffs' injuries (*see Mahmood v Pinto*, 17 AD3d 641 [2005]; *Jackson v Noel*, 299 AD2d 456 [2002]). Accordingly, the motion for summary judgment dismissing the complaint against Dela and Quiroa should have been granted.

In light of this determination, we do not reach the remaining arguments on appeal. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.