## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 19, 2015                519231
_____

ELIZABETH BOWMAN,

                    Appellant,

          v                               MEMORANDUM AND ORDER

BONITA KENNEDY et al.,
                    Respondents.
_____

Calendar Date:  January 6, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____

        Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Jacob P. McNamara of counsel), for appellant.

        Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Kristin L. Norfleet of counsel), for Bonita Kennedy, respondent.

        Hiscock & Barclay, LLP, Elmira (Bryan J. Maggs of counsel), for City of Elmira, respondent.

        Lewis Brisbois Bisgaard & Smith, LLP, New York City (David M. Pollack of counsel), for Bergmann Associates, Inc., P.C. and another, respondents.

                    _____

Garry, J.P.

        Appeal from an order of the Supreme Court (O'Shea, J.), entered December 11, 2013 in Chemung County, which granted defendants' motions for summary judgment dismissing the complaint.

        While driving her vehicle northbound on College Avenue in the City of Elmira, Chemung County, defendant Bonita Kennedy

encountered plaintiff, a pedestrian, beginning to cross the street from west to east. Plaintiff had just left a restaurant and was crossing the street to return to her car, which was parked in a lot on the east side of College Avenue. Observing that plaintiff was already in the southbound lane and was walking toward the northbound lane, Kennedy slowed her vehicle to a stop. Plaintiff paused upon reaching the northbound lane and Kennedy gestured with a wave, signaling that plaintiff could proceed across in front of her vehicle. Meanwhile, a second vehicle approached from behind Kennedy's vehicle in the northbound lane. Rather than stopping behind Kennedy, however, the second vehicle passed Kennedy's vehicle on the right, on the paved shoulder of the road that was separated from the roadway by a fog line and marked with cross hatches. As plaintiff walked in front of Kennedy's vehicle, she was struck by the second vehicle, causing her to sustain serious injuries.

Plaintiff thereafter commenced this action against, among others, defendants Bergmann Associates, Architects, Engineers, Landscape Architects & Surveyors, D.P.C. and Bergmann Associates, Inc., P.C. (hereinafter collectively referred to as the Bergmann defendants),[1] defendant City of Elmira and Kennedy, asserting a negligence cause of action against Kennedy and a cause of action for negligent roadway design against the Bergmann defendants and the City. Plaintiff claimed that the City was negligent by, among other things, allowing the parking lot to be located across from the restaurant on a busy street without providing a crosswalk. Plaintiff further contended that the Bergmann defendants negligently designed the roadway in the area of the accident when they were contracted by the City to redesign aspects of College Avenue. The Bergmann defendants, Kennedy and the City separately moved for summary judgment dismissing the complaint against them. Supreme Court granted the motions and

---

[1] We reject plaintiff's characterization of her cause of action against the Bergmann defendants as one for engineering malpractice, as there was no contractual relationship between these parties, and instead interpret her cause of action as one for ordinary negligence (see Cubito v Kreisberg, 69 AD2d 738, 742 [1979], affd 51 NY2d 900 [1980]).

plaintiff appeals.[2]

First, as to defendant Kennedy, plaintiff contends that she acted negligently in stopping her vehicle in the roadway and gesturing to plaintiff, and that Supreme Court erred in finding that the reckless driving of the second driver was a superceding cause of plaintiff's injuries. A motorist may be held liable for the failure to use reasonable care when gesturing or signaling to others, provided that the gesture or signal is a proximate cause of the accident (see Nasadoski v Shaut, 115 AD3d 1026, 1028 [2014]; Dolce v Cucolo, 106 AD3d 1431, 1432 [2013]; Ohlhausen v City of New York, 73 AD3d 89, 95 [2010]). However, where the plaintiff's injury results from the unforeseeable actions of a third party, any causal nexus between a defendant's allegedly negligent conduct and the injury may be broken (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). In this regard, the unforeseeable criminal act of a third party generally will suffice to sever the liability of the original tortfeasor (see Kush v City of Buffalo, 59 NY2d 26, 33 [1983]; Bikowicz v Sterling Drug, 161 AD2d 982, 984 [1990]).

Here, the second driver testified — and surveillance video of the accident confirms — that despite seeing Kennedy's vehicle stopped in front of him, he neglected to stop his vehicle or even slow down. The driver further admitted that he passed Kennedy's vehicle on the right shoulder while traveling approximately 30 miles per hour, that he was not paying attention, and that he was familiar with the roadway. Defendants also submitted photographs of the scene showing that the road surface was marked in a manner designed to alert drivers that the area in which plaintiff was struck was not intended to serve as a travel lane. The second driver was subsequently issued a citation by police.[3] Notably, it is well established that motorists are entitled to anticipate that other drivers will obey traffic laws requiring them to yield

---

[2]   Supreme Court also granted motions for summary judgment made by two other defendants but plaintiff has discontinued the action against these defendants.

[3]   The second driver also ultimately entered into a settlement agreement with plaintiff.

(see <u>Duger v Estate of Carey</u>, 295 AD2d 878, 879 [2002]).
Considering this, together with the uncontroverted evidence as to
the reckless manner in which the second driver operated his
vehicle, we agree with Supreme Court that the conduct of the
second driver constituted an unforeseeable, superceding cause of
plaintiff's injuries, severing any causal nexus between
plaintiff's injuries and any alleged negligence on the part of
Kennedy (see <u>Ranaudo v Key</u>, 83 AD3d 1315, 1318 [2011]; <u>Jackson v
Noel</u>, 299 AD2d 456, 456-457 [2002]; <u>Comolli v 81 & 13 Cortland
Assoc.</u>, 285 AD2d 863, 864 [2001]).

Plaintiff further contends that Supreme Court erred in
granting summary judgment to the City and the Bergmann
defendants.  As to the City, it is well settled that "[a]
municipality is accorded a qualified immunity from liability
arising out of a highway planning decision, but may be held
liable when its study of a traffic condition is plainly
inadequate or there is no reasonable basis for its traffic plan"
(<u>Winney v County of Saratoga</u>, 8 AD3d 944, 945 [2004] [internal
quotations and citations omitted]; see <u>Affleck v Buckley</u>, 96 NY2d
553, 556 [2001]; <u>Friedman v State of New York</u>, 67 NY2d 271, 284
[1986]).  Even where a municipality is not entitled to immunity,
a plaintiff must still demonstrate that the alleged negligent
design of the roadway was a proximate cause of the accident (see
<u>Atkinson v County of Oneida</u>, 59 NY2d 840, 841 [1983]; <u>Ferguson v
Sheahan</u>, 71 AD3d 1207, 1208 [2010]).  As to the Bergmann
defendants, public policy considerations circumscribe the duty of
care owed by nonmunicipal highway contractors to members of the
general public (see generally <u>Church v Callanan Indus.</u>, 99 NY2d
104, 112-113 [2002]).  Nevertheless, "[a] contractor may be
liable for an affirmative act of negligence which results in the
creation of a dangerous condition upon a public street or
sidewalk" (<u>Baird v Gormley</u>, 116 AD3d 1121, 1122 [2014] [internal
quotation marks and citation omitted]; see <u>Espinal v Melville
Snow Contrs.</u>, 98 NY2d 136, 140 [2002]; <u>Minier v City of New York</u>,
85 AD3d 1134, 1134-1135 [2011]).

Here, the City contracted with the Bergmann defendants,
which, in turn, prepared a design plan and report that analyzed,
as is most relevant here, the location of crosswalks and other
traffic control devices and the frequency of accidents on College

Avenue during the three years preceding the study.  The Bergmann defendants submitted the testimony of their own project engineer describing the project, together with the affidavit of a licensed engineer who had performed a comprehensive review of the testimony, drawings, plans, specifications and reports relative to the accident, the project and the area where plaintiff's injury occurred.  This expert opined that the area had been designed "in a manner ensuring the safety of pedestrians and motorists who foreseeably would be utilizing the roadway."  The expert further opined that the project design was appropriate, and met or exceeded all applicable standards within a reasonable degree of engineering certainty.  As the evidence showed that the design was the product of a reasoned study, it satisfied the prima facie burdens of the Bergmann defendants and the City (see Racalbuto v Redmond, 46 AD3d 1051, 1053 [2007]; see also Palloni v Town of Attica, 278 AD2d 788, 789 [2000], lv denied 96 NY2d 709 [2001]; compare Holmes v City of Elmira, 251 AD2d 844, 845 [1998]).

The burden thus shifted to plaintiff "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).  To meet her burden, plaintiff submitted the affidavit of an engineer who, despite having access to the Bergmann defendants' final project report, detailed design plans, specifications and photographs of the roadway, merely opined that he was unable to determine whether the roadway design was reasonably safe for drivers and pedestrians, or whether the Bergmann defendants exercised the appropriate standard of care in designing the subject roadway.  As this evidence failed to raise any material factual issues, we find that summary judgment was appropriately granted to both the City and the Bergmann defendants.

Finally, we reject plaintiff's contention that the grant of summary judgment was premature.  In light of the extensive discovery that had been conducted, plaintiff's speculative assertions that additional depositions could reveal flaws in the highway design failed to satisfy the required showing that additional discovery would result in relevant, material evidence (see Ullmannglass v Oneida, Ltd., 121 AD3d 1371, 1373 [2014];

<u>Hobler v Hussain</u>, 111 AD3d 1006, 1009 [2013]; <u>Whiting v Bella Vista Dev. Corp.</u>, 267 AD2d 662, 664 [1999]).

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, with one bill of costs.

ENTER:

Robert D. Mayberger
Clerk of the Court