## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 7, 2016                    520793
_____

JESHUA O. DUNHAM,
                    Appellant,

            v                           MEMORANDUM AND ORDER

KETCO, INC.,
                    Respondent.

(And a Third-Party Action.)
_____

Calendar Date:   November 16, 2015

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Clark, JJ.

                    _____


        Schimmerling Injury Law Office, Delhi (Thomas E.
Schimmerling of counsel), for appellant.

        Napierski, VanDenburg, Napierski & O'Connor, LLP, Albany
(Eugene Daniel Napierski of counsel), for respondent.

                    _____


Clark, J.

        Appeal from an order of the Supreme Court (Lambert, J.),
entered December 12, 2014 in Delaware County, which granted
defendant's motion for summary judgment dismissing the complaint.

        In September 2005, plaintiff was injured as a result of a
car accident on State Route 357 in the Town of Franklin, Delaware
County.  At the time of the accident, plaintiff was a passenger
in a vehicle operated by Joseph W. Dunham, plaintiff's father.
Defendant is a construction company that was working on the
portion of State Route 357 where the accident occurred.  In
February 2010, plaintiff commenced this negligence action against
defendant, seeking to recover for injuries he sustained in the

accident.  Following joinder of issue, defendant moved for summary judgment dismissing the complaint, which motion Supreme Court granted.  Plaintiff appeals.

As an initial matter, we find no merit in plaintiff's contention that Supreme Court erred or abused its discretion in considering the affidavit of Bruce DiStefano, defendant's president, in support of defendant's motion (see CPLR 3101 [d] [1] [i]; Matott v Ward, 48 NY2d 455, 459 [1979]).  Nor do we agree that Supreme Court improperly relied upon hearsay within DiStefano's affidavit.  As relevant to plaintiff's contention, DiStefano averred that Department of Transportation (hereinafter DOT) inspectors sampled gravel and inspected and approved the work that defendant performed on the construction project.  Inasmuch as DiStefano does not repeat any out-of-court statements, the prohibition against hearsay does not apply (compare Bergmann v Spallane, 129 AD3d 1193, 1197 [2015]).  We do, however, agree that the photographs attached to DiStefano's affidavit were not properly authenticated and, as such, should not have been considered in support of defendant's motion (see Lewis v General Elec. Co. 145 AD2d 728, 729 [1988]).

Turning to the merits, "to establish a prima facie entitlement to judgment as a matter of law, defendant[ was] required to tender sufficient, competent, admissible evidence demonstrating the absence of any genuine issue of fact" (Rivera v Albany Med. Ctr. Hosp., 119 AD3d 1135, 1136 [2014] [internal quotation marks, brackets and citation omitted]).  As relevant here, "a party who enters into a contract to render services may be said to have assumed a duty of care – and thus be potentially liable in tort – to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal quotation marks, brackets and citations omitted]; see Baker v Buckpitt, 99 AD3d 1097, 1098 [2012]).  "The general rule is that '[a] builder or contractor is justified in relying upon the plans and

specifications which he [or she] has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury'" (Henriquez v Parsippany Constr. Co., Inc., 62 AD3d 749, 750 [2009], quoting Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46 [1924] [citations omitted]).

In support of its motion for summary judgment, defendant submitted, among other things, the deposition testimony of plaintiff, Dunham and DiStefano, as well as a police accident report that indicated that Dunham's excessive speed caused the accident. Defendant also submitted an affidavit from DiStefano accompanied by the contract between DOT and defendant, along with other attachments including the DOT Standard Specifications for 2002. In his affidavit, DiStefano averred that defendant entered into a contract with DOT to replace certain bridges and that the project "included [the] removal of a small hill" on State Route 357 where plaintiff's accident occurred. DiStefano stated that, after the hill was removed, defendant placed gravel in the area, creating a slope. He stated that the gravel was placed in accordance with DOT's Standard Specifications for 2002 and that it had been sampled by DOT to "ensure it complied with the specifications." He attested that DOT inspectors, who were present throughout the construction, inspected and approved the gravel slope. He further averred that signs and barrels were placed on the site in accordance with DOT specifications and, according to DiStefano, "[a]t all times, an inspector and engineer-in-charge on behalf of . . . DOT were on site inspecting and approving the work that was performed as well as the placement of the construction zone warning signs." DiStefano further stated that defendant had not received any complaints about the project and was paid by DOT upon completion.[1] DiStefano opined that, "to a reasonable degree of professional certainty[,] the pavement and hill were removed in accordance with good and accepted practice" and that defendant was not negligent. Inasmuch as defendant demonstrated that it followed the DOT contract, its work was inspected and approved by DOT and

---

[1] Neither party submitted any evidence from DOT to show that it either had or had not approved defendant's work.

it was not otherwise negligent, we agree with Supreme Court that defendant carried its initial burden on its motion for summary judgment (see Stevens v Bast Hatfield, Inc., 226 AD2d 981, 981-982 [1996]; Loconti v Creede, 169 AD2d 900, 903 [1991]).

In opposition to defendant's motion for summary judgment, plaintiff submitted, among other things, affidavits from Thomas Worden and Dale Downin, two volunteer firefighters who responded to the accident and who had personal recollections of the area where the accident occurred. Worden described that, earlier in the day prior to plaintiff's accident, the subject section of State Route 357 had been lowered so that the gravel portion was approximately three feet lower than the paved portion and the ramp connecting the two was approximately 15 feet long. He further averred that the speed limit was 55 miles per hour (hereinafter mph), but that several cars traveling significantly slower than the posted speed limit "bottom[ed] out" while he was present. Worden explained that he, Downin and others stayed at the accident site flagging traffic because of the road conditions that night. Likewise, Downin described an uneven road with a sharp drop off, "perhaps two feet deep," and described the conditions on the evening in question as unsafe. Inasmuch as they were based upon personal knowledge, both Worden's and Downin's affidavits constituted more than mere speculation or conclusions and were sufficient to defeat defendant's motion and raise a question of fact (compare Maiorano v Price Chopper Operating Co., 221 AD2d 698, 699 [1995]).

As to defendant's argument that Dunham was the sole proximate cause of the accident, "[w]here the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence. If the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, it may well be a superseding act which breaks the causal nexus" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980] [citations omitted]; see Bowman v Kennedy, 126 AD3d 1203, 1204 [2015]; Markel Ins. Co.

v Bottini Fuel, 116 AD3d 1143, 1146-1147 [2014]). Whether an intervening act is a superseding cause is generally a question of fact, but there are circumstances where it may be determined as a matter of law (see Derdiarian v Felix Contr. Corp., 51 NY2d at 315; Carson v Dudley, 25 AD3d 983, 983-984 [2006]).

Here, Dunham testified that he drove on the subject road "[e]veryday, a couple times a day" and that he was aware that there was ongoing road construction. He explained that, on the day of the incident, he saw signs and barrels with flashing lights indicating that there was construction, and that he saw the hole in the road. He testified that he was traveling at 55 mph and slowed "maybe to 45" mph before the accident. He gave conflicting testimony about whether he applied the brakes of the vehicle at the time. He described how rather than traveling down the ramp, the vehicle became airborne, and, when the vehicle landed on the ground, the airbags deployed. When viewing all of the evidence in the light most favorable to plaintiff, defendant failed to establish that Dunham's conduct broke the chain of causation stemming from defendant's alleged negligence as a matter of law inasmuch as a question of fact exists with regard to whether Dunham's speed was so unforeseeable as to break the chain of causation (see Markel Ins. Co. v Bottini Fuel, 116 AD3d at 1146-1147; Bailey v Honda Motor Co., 144 AD2d 119, 121 [1988], lv denied 73 NY2d 705 [1989]). In our view, Worden's and Downin's affidavits, in addition to Dunham's testimony, raise sufficient factual issues making summary judgment inappropriate here, and, therefore, Supreme Court should not have granted defendant's motion for summary judgment dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Plaintiff's remaining contentions are without merit.

McCarthy, J.P., Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and motion denied.

ENTER:

Robert D. Mayberger
Clerk of the Court