■ WILLIAM J. LAKE, Appellant, v STATE OF NEW YORK, Respondent. [57 NYS3d 246]—

Devine, J. Appeal from a judgment of the Court of Claims (Hard, J.), entered November 4, 2015, upon a decision of the court in favor of defendant.

On May 28, 2010, claimant was riding his motorcycle to work on a state-owned freeway in Albany County commonly referred to as alternate Route 7. Claimant was traveling westbound in the right "climbing lane" and was traveling at or below the speed limit of 65 miles per hour. The pickup truck in front of him abruptly braked and moved into the center lane, cutting off a vehicle in the center lane that swerved toward claimant. Claimant sped up to avoid the swerving vehicle, moved further right and struck a disabled vehicle.

The ensuing injuries prompted claimant to commence this action and allege, among other things, that defendant negligently designed and maintained the road and failed to adequately monitor the safety impact of a 2003 speed limit increase on the road. The Court of Claims dismissed the claim following a trial on the issue of liability, finding that the claims relating to negligent design and maintenance were barred by qualified immunity and that any deficiencies in monitoring safety on the road were not the proximate cause of claimant's injuries. Claimant now appeals.

Upon this appeal from a judgment issued after a nonjury trial, we independently review the weight of the evidence, accord due deference to the trial judge's credibility assessments and factual findings and grant the judgment warranted by the record (*see Mahoney v State of New York*, 147 AD3d 1289, 1290 [2017]; *Williams v State of New York*, 140 AD3d 1376, 1377 [2016]). Our review leads us to agree with the Court of Claims that the claim should be dismissed and, as a result, we affirm.

Defendant has a "duty to keep its roadways in a reasonably safe condition," but "is afforded 'a qualified immunity from liability arising out of a highway planning decision'" (*Turturro v City of New York*, 28 NY3d 469, 479-480 [2016], quoting *Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *see Schroeder v State of New York*, 145 AD3d 1204, 1204 [2016]). Qualified immunity does not attach where defendant's "study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan," however, and it falls on defendant to show that its actions resulted from a sufficiently deliberative process (*Friedman v State of New York*, 67 NY2d at 284; *accord Turturro v City of New York*, 28 NY3d at 480; *see Evans v State of New York*, 130 AD3d 1352, 1354 [2015], *lv denied* 26 NY3d 910 [2015]).

Claimant cites various alleged deficiencies in the design of Route 7 relating to his assertion that the four-foot wide shoulder where the disabled vehicle was parked was too narrow. Route 7 is a four-lane freeway originally designed for traffic speeds of 70 miles per hour but, due to it being on a prolonged incline, a third "climbing lane" was added in the westbound direction to allow slow vehicles to make their way uphill without posing difficulties for other drivers. The credible proof at trial indicated that the shoulder width reflected the slower vehicles traveling in a climbing lane that was wide enough, in any case, to allow vehicles to pass a disabled vehicle on the shoulder. The record further reveals that the shoulder design was appropriate under the guidelines in place when the road was designed and built.* Inasmuch as the shoulder "that was installed met the relevant design standards in effect at the time of its construction," the Court of Claims properly concluded that defendant cannot be held liable for that design (*Schwartz v New York State Thruway Auth.*, 61 NY2d 955, 956 [1984]; *see Light v State of New York*, 250 AD2d 988, 989 [1998], *lv denied* 92 NY2d 807 [1998]).

We further agree with defendant that the remaining failings

---

* Claimant points out that a wider shoulder would have been required had Route 7 been built more recently, but defendant is "not required to undertake expensive reconstruction of highways simply because the design standards for highways have been upgraded since the time of original construction" (*Vizzini v State of New York*, 278 AD2d 562, 563 [2000]; *see Holscher v State of New York*, 59 AD2d 224, 227 [1977], *affd* 46 NY2d 792 [1978]). Defendant subsequently engaged in work on the road that claimant's engineering expert admitted was pavement rehabilitation and was not, contrary to claimant's contention, the type of "significant repair[ ] or reconstruction" that would have required upgrading the existing shoulder (*Hubbard v County of Madison*, 93 AD3d 939, 944 [2012], *lv denied* 19 NY3d 805 [2012]).

on its part, assuming that they existed, were not the proximate cause of claimant's injuries. Claimant asserted that defendant was negligent in raising the speed limit on Route 7 from 55 to 65 miles per hour in 2003 without adequate study and then failing to monitor the safety of the road with the higher speed limit. Claimant testified, however, that he was traveling between 55 and 65 miles per hour when the accident occurred, the prevailing speed on Route 7 even before the speed limit was increased. The police report did not cite speed as a factor in the accident which, in fact, resulted from the unexpected actions of other drivers and claimant following the pickup truck so closely that he could not see the disabled vehicle in front of the truck and react as needed. Claimant accordingly failed to show how the circumstances leading to the accident were in any way "a normal or foreseeable consequence of the situation created by . . . defendant's [purported] negligence" in raising the speed limit and failing to monitor traffic safety (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *accord Turturro v City of New York*, 28 NY3d at 484). "Thus, even if [claimant] had shown that defendant had breached a duty with regard to the speed limit or [subsequent safety monitoring], there was no showing that such a breach was a proximate cause of the accident" (*Lindquist v County of Schoharie*, 126 AD3d 1096, 1101 [2015]; *see Canals v Tilcon N.Y., Inc.*, 135 AD3d 683, 684-685 [2016]; *Rodriguez v City of New York*, 259 AD2d 280, 280 [1999]).

Claimant's remaining contentions have been examined and are lacking in merit.

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.