■ Metin G. Esen et al., Respondents, v Naavendra Narian et al., Defendants, and Trans Express, Inc., Appellant. [63 NYS3d 493]—

In an action to recover damages for personal injuries, etc., the defendant Trans Express, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), entered August 31, 2016, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Trans Express, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff Metin G. Esen (hereinafter the plaintiff) allegedly sustained personal injuries in the parking area of a casino when he was struck by a car as he attempted to cross a street near a marked pedestrian crosswalk. The plaintiff, and his wife suing derivatively, commenced this action against several defendants, including the operator of the car that struck him, Naavendra Narian, and Trans Express, Inc. (hereinafter Trans Express), which owned a shuttle bus that was operating at the scene of the accident.

The street where the accident occurred had two lanes in each direction, separated by a median in the middle. The

crosswalk was marked with white lines, large stop signs, and pedestrian crossing signs. As the plaintiff approached the crosswalk to cross the street, a shuttle bus owned by Trans Express came to a full stop in front of the crosswalk in the right lane. The plaintiff testified at his deposition that the driver of the bus "waved" him on, and he quickened his pace as he crossed in front of the stopped bus and into the left lane. As the plaintiff proceeded into the left lane, he was struck by a car operated by Narian, which did not slow down or stop for the stop sign governing the crosswalk. Narian failed to appear or answer in this action. Trans Express moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion. Trans Express appeals.

The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach was a proximate cause of the plaintiff's injury (see *Merchants Mut. Ins. Co. v Quality Signs of Middletown*, 110 AD3d 1042, 1043 [2013]; *Demshick v Community Hous. Mgt. Corp.*, 34 AD3d 518, 519 [2006]). "[A] duty may arise from negligent words or acts that induce reliance" (*Heard v City of New York*, 82 NY2d 66, 71 [1993]; *see Kievman v Philip*, 84 AD3d 1031, 1032 [2011]). " '[O]ne who assumes a duty to act, even though gratuitously, may thereby become subject to the duty of acting carefully' " (*Mirza v Metropolitan Life Ins. Co.*, 2 AD3d 808, 809 [2003], quoting *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522 [1980]). "[T]he question is whether defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant done nothing" (*Heard v City of New York*, 82 NY2d at 72; *see Malpeli v Yenna*, 81 AD3d 607, 609 [2011]). A driver of a motor vehicle may, under certain circumstances, be liable to a pedestrian where the driver "undertakes to direct a pedestrian safely across the road in front of his vehicle, and negligently carries out that duty" (*Valdez v Bernard*, 123 AD2d 351, 351 [1986]; *see Dolce v Cucolo*, 106 AD3d 1431, 1431 [2013]; *Kievman v Philip*, 84 AD3d at 1033; *Ohlhausen v City of New York*, 73 AD3d 89, 91 [2010]).

However, even if a pedestrian is injured because he or she relied on a driver's gesture directing him or her to cross a roadway, the acts of another driver may constitute a superseding, intervening act that breaks the causal nexus (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Bowman v Kennedy*, 126 AD3d 1203, 1204-1205 [2015]). Whether an

intervening act is a superseding cause is generally a question of fact, but there are circumstances where it may be determined as a matter of law (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315; *Dunham v Ketco, Inc.*, 135 AD3d 1032, 1036 [2016]).

Here, Trans Express established, prima facie, that Narian's failure to stop at the stop sign constituted an unforeseeable, superseding cause of the accident which severed any causal nexus between the plaintiff's injuries and any negligence on the part of Trans Express's bus driver (*see Bowman v Kennedy*, 126 AD3d at 1204-1205). Trans Express's submissions, including deposition testimony and surveillance video, clearly demonstrate that the car driven by Narian was traveling at a fairly high rate of speed for this parking area, and failed to stop or even slow down for the governing traffic sign. Under the circumstances, even if the plaintiff's claim that he relied upon the bus driver's wave to cross the roadway before he crossed the street is true, Narian's unforeseeable failure to stop when approaching a crosswalk marked with a stop sign, in violation of the Vehicle and Traffic Law, constituted an intervening and superseding cause that entitled Trans Express to a judgment of dismissal as a matter of law (*see id.* at 1205; *cf. Spathos v Gramatan Mgt.*, 2 AD3d 833, 834 [2003]). In opposition to Trans Express's prima facie showing, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted Trans Express's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.