Enker v County of Sullivan (2018 NY Slip Op 04621)





Enker v County of Sullivan


2018 NY Slip Op 04621


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525661

[*1]WARREN E. ENKER et al., Appellants,
v
COUNTY OF SULLIVAN, Respondent.

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


The Bagley Firm, PC, New York City (Brian J. Isaac of Pollack, Pollack, Isaac & De Cicco, LLP, of counsel), for appellants.
Law Offices of Bryan R. Kaplan, Monticello (Bryan R. Kaplan of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (McGuire, J.), entered June 13, 2016 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.
In July 2011, plaintiff Warren E. Enker was crossing Kirks Road, near the intersection with Bridge Street, also known as County Route 24, in the Town of Tusten, Sullivan County, when he was struck by a vehicle being driven by Craig Rutledge. Enker and his spouse, derivatively, commenced this action against defendant alleging that it was negligent in failing to properly regulate and control traffic at the subject intersection and in failing to maintain and properly design the intersection. Following joinder of issue, defendant moved for summary judgment dismissing the complaint and plaintiffs opposed the motion. Supreme Court granted defendant's motion and plaintiffs now appeal. We affirm.
The record reveals that the subject intersection involves Bridge Street and Kirks Road, which becomes Erie Avenue after traveling south and crossing over Bridge Street. Enker was crossing Kirks Road from east to west, approximately 15 feet to the north of the intersection with Bridge Street, when he entered the roadway by walking between two parked vehicles. Rutledge was traveling northbound on Kirks Road, having just turned left from Bridge Street, when he struck Enker, who sustained serious injuries.
A municipality "has a nondelegable duty to the public to construct and maintain its roads in a reasonably safe condition" (Fu v County of Washington, 144 AD3d 1478, 1479 [2016]; see Ferguson v Sheahan, 71 AD3d 1207, 1208 [2010]). However, a municipality "is afforded a qualified immunity from liability arising out of a highway planning decision. Qualified immunity does not attach where [the municipality's] study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan, . . . and it falls on [the municipality] to show that its actions resulted from a sufficiently deliberative process" (Lake v State of New York, 151 AD3d 1425, 1426 [2017] [internal quotation marks and citations omitted]).
In support of its motion, defendant submitted a three-year traffic study and plan, which commenced in 1972 and concluded in 1975, to demonstrate its extensive deliberation process in enhancing the subject intersection to address the frequency of accidents that occurred between 1966 and 1972. Specifically, the plan included the implementation of traffic control signals to control vehicular traffic in the intersection, stop bars in all four directions and two pedestrian push signals; one signal controls pedestrians walking along Kirks Road/Erie Avenue crossing over Bridge Street on the eastern end of the intersection, and the other signal controls pedestrians walking along Bridge Street crossing over Erie Avenue at the southern end of the intersection. Defendant submitted testimony that it has not received any complaints or notices of claim concerning the intersection since the implementation of this traffic plan. Also, testimony submitted by defendant revealed that the traffic lights and pedestrian push signals were regularly maintained and inspected, and the stop bars were continuously repainted. Therefore, based upon the foregoing testimony and evidence, defendant met its prima facie burden in establishing qualified immunity inasmuch as its safety planning decisions resulted from a deliberative decision-making process (see Bowman v Kennedy, 126 AD3d 1203, 1206 [2015]; see generally Lake v State of New York, 151 AD3d at 1426; Schroeder v State of New York, 145 AD3d 1204, 1207 [2016], lv denied 29 NY3d 914 [2017]).
The burden then shifted to plaintiffs "to produce evidentiary proof in admissible form sufficient to establish the existence of [a] material issue[] of fact which require[s] a trial of the action" (Bowman v Kennedy, 126 AD3d at 1206 [internal quotation marks and citation omitted]). In support of their assertion that defendant is not entitled to qualified immunity because the subject intersection's design was unsafe and the traffic study was unreasonable, plaintiffs submitted the expert affidavit of Lance Robson, a professional engineer. Robson opines that defendant should have prohibited parking at the corner of Kirks Road and Bridge Street and also should have installed a "No Pedestrian Crossing" sign to prohibit pedestrians from crossing Kirks Road. However, Robson's opinion, which merely shows that another option was available, does not itself raise a triable issue of fact concerning the reasonableness of defendant's plan (see Affleck v Buckley, 96 NY2d 553, 557 [2001]). Robson also claims that defendant's plan was unreasonable because it did not take into account the obstructed visibility of motorists turning left onto Kirks Road from Bridge Street. This claim, however, is irrelevant because Rutledge testified that his view was not obstructed on the day of the accident.
Lastly, we disagree with plaintiffs' contention that qualified immunity is inapplicable because defendant's traffic study and plan did not pass on the same question of risk that underlies the claim. Here, plaintiffs' claim alleges that defendant negligently designed and maintained the subject intersection in a manner that endangered the safety of pedestrians. It is clear from the record that defendant's installation of pedestrian push signals at only two cross streets was a deliberate and reasonable planning decision made to ensure the safety of pedestrians while [*2]navigating the subject intersection, which is the "very same question of risk" underlying plaintiffs' claim (Turturro v City of New York, 28 NY3d 469, 486 [2016] [internal quotation marks and citations omitted]). Inasmuch as Enker failed to avail himself of these pedestrian push signals while navigating the subject intersection on the day of the accident, he cannot now assail their reasonableness as a safety measure. As such, we find that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.
In light of this determination, it is unnecessary to address plaintiffs' remaining contentions regarding causation.
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.