Patel v State of New York (2018 NY Slip Op 08391)





Patel v State of New York


2018 NY Slip Op 08391


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

525581

[*1]VINOD PATEL, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Vinod Patel, Woodbourne, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Court of Claims (Milano, J.), entered August 3, 2017, upon a decision of the court in favor of defendant.
Claimant commenced this negligence action against defendant alleging that defendant improperly disbursed three checks to Manjula Patel, claimant's then wife (hereinafter the wife), under a revoked power of attorney. Following a nonjury trial by video conference, the Court of Claims dismissed the claim because claimant failed to prove that defendant proximately caused his injury. Claimant now appeals, and we affirm.
Evidence of negligence, standing alone, is insufficient to establish liability because "it also must be proved that the negligence was a proximate, or legal, cause of the event that produced the harm" (Hain v Jamison, 28 NY3d 524, 528 [2016]; see Kemper v Arnow, 18 AD3d 939, 941 [2005], lv denied 5 NY3d 708 [2005]). Here, the evidence at trial established that, in November 2006, claimant executed a durable power of attorney that granted the wife authority to make financial decisions on his behalf and, on April 12, 2008, defendant received and approved it. By letter dated April 29, 2008, claimant notified defendant that he was revoking the power of attorney. Defendant received the letter on May 12, 2008 and approved the revocation on June 14, 2008. Meanwhile, on May 27, 2008, prior to approval of the revocation, defendant received and approved a request from the wife, using the power of attorney, to rollover claimant's funds into another retirement account in claimant's name. Accordingly, defendant issued a check to "Prudential, FBO [claimant]," for $61,550.53, which was deposited on June 16, 2008. The wife made two other requests that were accepted and resulted in two checks being sent to her address, the first on June 24, 2008 for $106.73, and the second on February 1, 2010 for $17.39. Both of these checks were payable to claimant and were posted, by separate banks, within weeks of their issuance. Claimant testified, without providing supporting documentation, that, approximately three years later, he learned that, as of a March 2011 statement, the value in his Prudential account had gone down and, at the time of trial, had been closed and had zero value. Claimant hypothesized that his wife had used the power of attorney to create an account with Prudential in [*2]his name, or that his wife forged his signature to make the account and later withdrew the money, as she had done on prior occasions. Claimant also testified that he had never issued a power of attorney to Prudential and was unable to contact Prudential about his account due to being in prison.
Based upon the foregoing, the Court of Claims dismissed the claim, concluding that, even if defendant were negligent, claimant lost his funds because: "(1) [the wife] wrongfully converted claimant's funds, perhaps negligently, perhaps criminally; (2) [t]wo or three financial institutions wrongfully provided claimant's funds to [the wife], notwithstanding the fact that the funds had been made payable to or for the benefit of [claimant]; and[] (3) Prudential had received no legal authorization authorizing [the wife] to act on behalf of [claimant]." Thus, even if defendant were negligent, the evidence failed to establish that such negligence was the proximate cause of claimant's damages rather than the result of intervening or superseding acts of third parties (see generally Turturro v City of New York, 28 NY3d 469, 484 [2016]; Lake v State of New York, 151 AD3d 1425, 1427 [2017]). Specifically, as to the first check, defendant's alleged negligent act consisted of issuing a check in claimant's name under a revoked power of attorney, but, notably, three to five years passed from the time that defendant issued the check to the time the funds in the Prudential account were depleted. Therefore, it was the actions of the wife and Prudential, who allowed the wife to withdraw money from an account in claimant's name allegedly using an invalid power of attorney or a forged signature, that caused or substantially contributed to claimant's loss of funds. Additionally, as to the two smaller checks issued by defendant in claimant's name, which were signed by the wife and deposited into two different banks, if the financial institutions that made a payment to the wife relied on an improper endorsement of the checks, then they, rather than defendant, would bear primary liability (see Monreal v Fleet Bank, 95 NY2d 204, 207 [2000]; Getty Petroleum Corp. v American Express Travel Related Servs. Co., 90 NY2d 322, 327 [1997]). As a result, we need not reach defendant's unpreserved additional ground for affirmance that claimant improperly brought this as a negligence action rather than as a contract action.
Garry, P.J., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.