Levi v Nardone (2019 NY Slip Op 08665)





Levi v Nardone


2019 NY Slip Op 08665


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-11295
 (Index No. 512121/16)

[*1]Margaret Levi, etc., appellant,
v
Enrico Nardone, et al., defendants, Maria Biesty, respondent.


Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York, NY (Mitchell Silbowitz of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 2, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Maria Biesty which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's decedent, Margherita Nanfro, was struck by a vehicle operated by the defendant Elise Agostinelli and owned by the defendant Enrico Nardone (hereinafter the Agostinelli vehicle) as she was walking across Rutherford Place at its intersection with Bay 16th Street in Brooklyn. Bay 16th Street is a one-way street with one southbound lane, and it is governed by a stop sign at its intersection with Rutherford Place. Rutherford Place is a one-way street with one westbound lane, and it is not governed by any traffic control device at the subject intersection. At the time of the accident, Nanfro was crossing Rutherford Place in a northerly direction on the west side of the intersection, and the Agostinelli vehicle was traveling in a westerly direction on Rutherford Place. A vehicle owned and operated by the defendant Maria Biesty was traveling in a southerly direction on Bay 16th Street. According to a report prepared by a detective who responded to the accident, shortly after Biesty stopped at the stop sign at the intersection, she allegedly made a gesture to Nanfro, who was already halfway across Rutherford Place, to continue crossing the street. Allegedly, one second later, Nanfro was struck by the Agostinelli vehicle. Agostinelli claimed that she did not see Nanfro prior to the impact and did not take any evasive actions.
The plaintiff subsequently commenced this action against Nardone, Agostinelli, and Biesty. Biesty moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her, contending, inter alia, that she did not negligently wave Nanfro across the street, and that, in any event, Agostinelli's negligent conduct constituted an intervening and superseding act which broke any causal nexus between her alleged negligence and Nanfro's injuries.
"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach was a proximate [*2]cause of the plaintiff's injury" (Esen v Narian, 155 AD3d 612, 613; see Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d 1042, 1043; Demshick v Community Hous. Mgt. Corp., 34 AD3d 518, 519). "[A] duty may arise from negligent words or acts that induce reliance" (Heard v City of New York, 82 NY2d 66, 71; see Kievman v Philip, 84 AD3d 1031, 1032). " [O]ne who assumes a duty to act, even though gratuitously, may thereby become subject to the duty of acting carefully"' (Mirza v Metropolitan Life Ins. Co., 2 AD3d 808, 809, quoting Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 522). "[T]he question is whether defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant done nothing" (Heard v City of New York, 82 NY2d at 72; see Malpeli v Yenna, 81 AD3d 607, 609).
A driver of a motor vehicle may, under certain circumstances, be liable to a pedestrian where the driver "undertakes to direct a pedestrian safely across the road in front of his [or her] vehicle, and negligently carries out that duty" (Valdez v Bernard, 123 AD2d 351; see Dolce v Cucolo, 106 AD3d 1431; Kievman v Philip, 84 AD3d at 1033; Ohlhausen v City of New York, 73 AD3d 89, 91; Yau v New York City Tr. Auth., 10 AD3d 654, 655). "However, even if a pedestrian is injured because he or she relied on a driver's gesture directing him or her to cross a roadway, the acts of another driver may constitute a superseding, intervening act that breaks the causal nexus" (Esen v Narian, 155 AD3d at 613; see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Bowman v Kennedy, 126 AD3d 1203, 1204-1205). "Whether an intervening act is a superseding cause is generally a question of fact, but there are circumstances where it may be determined as a matter of law" (Esen v Narian, 155 AD3d at 613-614; see Derdiarian v Felix Contr. Corp., 51 NY2d at 315; Dunham v Ketco, Inc., 135 AD3d 1032, 1036).
Here, assuming without deciding that Biesty negligently motioned Nanfro to continue walking across the street and that Nanfro relied upon the gesture, Agostinelli's unforeseeable failure to see what was there to be seen and failure to yield the right-of-way to Nanfro, who was crossing the street within an unmarked crosswalk, constituted an intervening and superseding cause that established Biesty's prima facie entitlement to judgment as a matter of law (see Esen v Narian, 155 AD3d at 614; Bowman v Kennedy, 126 AD3d at 1205). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting that branch of Biesty's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court